No. 21.—John G. Tompkins, plaintiff in error, *vs.* Younge F. Tigner, defendant in error.

[1.] A hires to B two slaves for a year, and takes B's note for the hire. Before the end of the year, A, without leave from B, takes back one of the negroes. This B pleads as a partial failure of the consideration of the note: Plea *held* to be good.

Complaint, in Marion Superior Court.    Tried before Judge Crawford, August Term, 1854.

This was an action on a note for one hundred and seventy-five dollars, given for the hire of two negroes.    The defence was, that the plaintiff had, without consent of defendant, taken one of the negroes away from the possession of the defendant, before the year expired, for which he claimed a deduction from the note.    The Court over-ruled the defence, on the ground that for such conduct the plaintiff was liable in a different form of action.    This decision is assigned as error.

Elam, represented by B. Hill, for plaintiff in error.

Oliver, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

[1.] One of the pleas was, that the note sued on had been given for the hire of two negroes, for the year 1852—a man at one hundred dollars—a woman at seventy-five dollars; that

the plaintiff had agreed for the defendant to have the negroes during the year 1852; that in consideration of the plaintiff's agreeing to this, the note had been given to him by the defendant, and that on the 13th of September, 1852, the plaintiff, without the defendant's consent, took the woman from the defendant, into whose possession she had never returned—whereby, as the defendant insisted, the consideration of the note had partially failed.

Proof was received which supported this plea.

Then, this proof, on the motion of the plaintiff, was ruled out, the Court holding as follows: "that if it (the testimony) showed anything, it was that the plaintiff was a trespasser;" "that hiring a negro was a temporary purchase, and the owner had no right to the possession without the consent of the person hiring—if he possessed himself without his consent, he was liable in another form of action."

This, no doubt, is a true statement of what, in such a case, the law is. Tompkins, the hirer, might have brought an action of trover for the negro, against Tigner, the moment the negro was taken by Tigner. There can be no doubt about that, I think. (*Roberts vs. Wyatt*, 2 *Taunt.* 268; and see *Story on Bailments*, §§396, 413.)

But admitting this to be so, it does not follow that this testimony ought to have been excluded; for although it be true that the hirer might have maintained trover for the injury, yet it is equally true, that for it he might, if he had pleased, have maintained *assumpsit.* The case was one of those in which the same thing may, perhaps, be considered to constitute both a *tort* and a breach of contract. The contract was, that the hirer was to have the negro for a full year. Before the end of the year, the owner, without leave, took back the negro. This was both a breach of the contract and a trover and conversion—a trover and conversion, because the hirer's special property in the slave, acquired by the contract, had not expired.

And there are many cases of *tort*—pure *tort*, in which the *tort* may be waived and assumpsit or debt brought. It is laid

Tompkins *vs.* Tigner.

down in Saunders on Pleading and Evidence, that "where there has been an express contract, the party injured may sustain assumpsit, though the breach amount to a trespass." (1 *Saund. Pl. & Ev.* 166.)    And doubtless he states the law correctly.

This being so, it follows that Tompkins, the hirer, might, in this case, have sustained as well assumpsit as trover for his injury.

But if it was at his option to bring assumpsit, it was of course at his option to treat the injury, not as a *tort*, but as a breach of contract.

He elected to treat the injury as a breach of contract.

Treated as a breach of the contract, the injury amounts to a partial failure of the consideration of the note.

What was the consideration of the note? The owner undertook, that as far as in him lay, the hirer should have the use of the two negroes for the space of a year. This undertaking is implied in the contract of hiring for a year. This was the consideration.

Before the year was out, the owner, by his own act, without leave from the hirer, deprived the hirer of the use of one of the negroes for the rest of the year. This was a breach of his undertaking, and it clearly amounted to a partial failure of the consideration for which the note had been given.

And this having been pleaded as a partial failure of the consideration, evidence in support of the plea should not have been excluded.

The evidence excluded, supported the plea. To exclude it, therefore, was an error.

In this decision is nothing to conflict with anything in the decision in *Lennard vs. Boynton*, (11 *Ga. R.* 109)—a decision to the effect, that "one to whom a slave is hired for a year, is entitled to no abatement of the price because of the death of the slave, after the commencement," and before the end "of the term." When one hires a slave to another for a term, although he does not undertake that the slave shall live out the

term, he does undertake, that he will not, by any act of his, deprive the hirer of the use of the slave for the term.

A similar rule prevails with respect to the rent of lands. The tenant "may show that he has been evicted and kept out of the demised premises by the lessor, or by a stranger having lawful title, and that the rent is thereby suspended." (*Comyn's Land and Tent.* 523.)